# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| Davis & Sons Excavating LLC, ) | |
| Richard Davis, Marc Davis ) | |
| & Tanya Davis on behalf of herself ) | |
| & her 2 minor children ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| Vs. ) | Case No. |
| ) | |
| INTERNATIONAL OPERATING ) | |
| ENGINEERS. LOCAL 150 ) | |
| ) | |
| Defendant ) | |

# COMPLAINT

Comes now the plaintiffs herein by counsel and for their complaint against the defendant herein state the following:

### STATEMENT CONCERNING JURISDICTION

1. Plaintiffs are seeking relief pursuant to a claim involving federal question jurisdiction pursuant to 28 U.S.C. 1331 and 42 U.S.C. 1983 for a denial of plaintiff's constitutional rights pursuant to the 1st and 14th amendments to the United States Constitution.

2. The plaintiffs are residents of the state of Indiana and the defendant has offices within the state of Indiana and also within jurisdiction of the division of this Court.  Also the events which are the subject of this lawsuit occurred within the state of Indiana in this division. Venue is therefore proper in this Court pursuant to 28 U.S.C. 1391.

3. This Court has pendent jurisdiction of all state claims pleaded herein pursuant to 28 U.S.C. 1367.

## FACTUAL ALLEGATIONS
## COUNT I

4. The plaintiff Davis & Sons Excavating LLC is an Indiana Limited Liability company who does business in Northwest Indiana specialized in excavation for different customers hereinafter referred to as "Davis Excavating"
5. The plaintiffs Marc Davis and Richard Davis are owners of "Davis Excavating".
6. The plaintiff is the wife of Marc Davis but has no ownership interest in "Davis Excavating" nor is she connected in any way to "Davis Excavating" either as an employee, independent contractor, or agent of the same. Nor does she conduct business with Davis Excavating or have any employees which do business either directly or indirectly with Davis Excavating.
7. The International Operating Engineers Local 150 is a union who does business in Indiana and is hereafter referred to as "Union".
8. The Union and Davis Excavating have been in litigation before the National Labor Relations Board (NLRB) in which there is a determination to be made whether Davis Excavating is to be recognized as a union shop within the auspices of the Union.
9. At the same time as the litigation before the NLRB, the Union has been picketing Davis Excavating both before the business premises of Davis Excavating and through ambulatory secondary picketing.
10. During the course of the picketing the Union chose to conduct illegal ambulatory secondary picketing of the plaintiff Tanya Davis even though Tanya Davis is a neutral party who has no legal connection with Davis Excavating.
11. Such picketing by the Union occurred in the form of following Tanya Davis where she went to places which were not connected in any way with Davis Excavating such as Yost Elementary School located in Chesterton, Indiana while she was taking her children to school.
12. Such picketing also occurred by members of the Union by camping for protracted periods of time in front of the residence of Marc Davis and Tanya Davis even though Davis Excavating does not conduct any business from their residence nor is their residence a job site. Said actions by the Union have intimidated the children of Marc Davis and Tanya Davis to the extent that they are afraid to go outdoors on the Davis property. The Union

also trespassed on private property owned by Marc & Tanya Davis in Shipshewana, Indiana.

13. These activities were done in clear violation of the provisions of *Moore Dry Dock* standard (*Sailors' Union of the Pacific (Moore Dry Dock),* **92 N.L.R.B. 547, 549 (1950)**).repeatedly enunciated in decisions before the 7th Circuit Court of Appeals.  **International Union of Operating Engineers, Local 150, AFL-CIO v. N.L.R.B.** 47 F.3d 218 (**7th Cir. 1995**) R.L Coolsaet Const. Co. vs. Local 150, International Union of Operating Engineers, 177 F.3d (**7th Cir. 1999**)

15. This picketing directed against Tanya Davis was not conducted at times when Davis Excavating was conducting business or where Davis Excavating was conducting business, nor is the residence of Marc & Tanya Davis near where the business site of Davis Excavating is located, nor was there given any clear reason for picketing Tanya Davis.

16. As a result of this action Davis Excavating filed a state lawsuit in Porter Superior Court where Davis Excavating is seeking injunctive relief from said Court to stop the Union from engaging in their illegal picketing of Tanya Davis under Cause Number 64D02-1710-PL-010409.

17. The Union has never indicated that what they were doing with regard to Tanya Davis and the Davis children was wrong and from representations of members of the Union made to the police and others that they would continue to conduct this illegal picketing.

18. In the mind of Marc Davis, an owner of Davis Excavating and the husband of Tanya Davis and the father of the Davis children, the activity of the Union against his wife and children was stalking due to that there was no legal excuse for the actions of the Union in patrolling his wife and children.

19. As a result he erected a sign on the business premises of Davis Excavating which stated "Local 150 business agents in my opinion are stalking my wife and children."

20. The Union in response threated Davis with 2 letters telling Davis Excavating to "Cease and Desist" from putting up the sign.

21. The Union then filed a motion for temporary restraining order against Davis Excavating seeking an injunction to enjoin the sign erected by Davis Excavating claiming that it was defamatory.
22. No prior adequate notice was given with Davis Excavating to afford them an adequate opportunity to defend itself against the temporary restraining order.
23. Davis Excavating by counsel did file an objection to the temporary restraining order citing and arguing the provisions of **McCarthy vs. Fuller, 810 F. 3d 456 (7th Cir 2015.)**
24. In spite of this McCarthy case and the clear holding that a temporary restraining order is not allowed to restrict speech as a prior restraint, the state court at the insistence of the Union issued a temporary restraining order. A copy of the court order is attached as Exhibit "A".
25. At this point the plaintiffs are faced with a threat of contempt if they do not obey the state court order and must choose between a risk of penalties or exercising their 1st amendment right of free speech.
26. This is all true even though Tanya Davis and other witnesses were not given an opportunity to testify as to the truthfulness of accusations which have been made against the Union.
27. The court order also has a chilling effect on any future exercise by Davis Excavating of their 1st amendment rights for fear that the Union will again take state court action to quash future speech.
28. The state court order states that Davis Excavating cannot use the word "stalking" in any sign against the Union even though the illegal actions of the Union constitute stalking and even though stalking can have multiple meanings.
29. As enunciated in the **McCarthy** decision, the purpose of the 1st Amendment is not just to protect individual rights to free speech, but also to provide information to the general public.
30. Just as the Union has a 1st amendment right to use picketing to inform the public that Davis Excavating is "a rat" for not being willing to become a union shop,, so Davis Excavating has a 1st amendment right to inform the public about the illegal activity of the Union.

## COUNT II

31. As to the plaintiff Tanya Davis said plaintiff incorporates rhetorical paragraphs 1 through 16 herein.

32. That the Union also made defamatory statements regarding Tanya Davis with no basis in truth with the intent to cause serious mental and emotional distress to her.
33. The actions of the Union in stalking not only Tanya Davis but her with her children also cause severe emotional trauma to Tanya and Marc Davis's children.
34. The plaintiff Tanya Davis herein demands a trial by jury of all legal claims for damages herein.

## PRAYER FOR RELIEF

35. The plaintiffs pray this Court enter a judgment as follows:
    (a) A declaratory judgment stating that the actions of the Union in seeking a temporary restraining order against Davis & Sons Excavating LLC for alleged defamation was a violation of the plaintiff's 1st amendment rights guaranteed by the United States Constitution.
    (b) An permanent injunction enjoining the Union from filing any further legal actions against any of the plaintiffs seeking through a temporary restraining order to restrain plaintiffs' 1st amendment rights to free speech.
    (c) Awarding attorney fees to plaintiffs' counsel for the filing of this action pursuant to 42 U.S.C. 1988.
    (d) Awarding damages for expenses the plaintiffs may have incurred in resisting the temporary restraining in state court including attorney fees and other damages.
    (e) Awarding damages to the plaintiffs for emotional distress suffered because of a deprivation of their constitutional rights.
    (f) An award against the Union of compensatory and punitive damages for Tanya Davis and her children
    (g) All other relief which is proper in the premises.

Respectfully submitted

/s/Jonathan R O'Hara
Attorney for Plaintiff
1304 Vale Park Road
Valparaiso, IN 46383
(219) 462-2259
Fax (855) 297-4232
oharalawoffice@gmail.com